FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 01, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHY J ESPINDA, the living woman, | No. 4:23-cv-05085-MKD |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| SAMUEL MEYLER, the living man, | ECF No. 8 |
| Defendant. | |

Before the Court is Plaintiff's *pro se* Complaint, ECF No. 1, and Defendant's Motion to Dismiss, ECF No. 8.  The Court has reviewed the record and is fully informed.  For the reasons set forth below, the court grants Defendant's Motion to Dismiss.

### BACKGROUND

**A. Procedural Background**

Plaintiff filed this *pro se* Complaint on June 8, 2023.  ECF No. 1.  Defendant is an attorney who represents HAPO Community Credit Union, a company attempting to collect a debt from Plaintiff. *Id.* at 4; ECF No. 8 at 1.  Plaintiff

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS  - 1

contends Defendant has engaged in fraudulent activity and violated Plaintiff's rights during the debt collection process. ECF No. 1 at 4-5. On October 30, 2023, Defendant filed a Motion to Dismiss. ECF No. 8. The Motion to Dismiss addresses all of Plaintiff's claims except her allegations of violations of the Fair Debt Collection Practice Act, which Defendant states will be separately addressed in a forthcoming Motion for Summary Judgment. *Id.* at 1. Plaintiff did not file a response to the motion.

**B. Summary of Allegations**

Plaintiff contends Defendant has engaged in false and misleading misrepresentations; unfair practices; failure to verify and validate the debt; trespass; and encroachment. ECF No. 1 at 4. Plaintiff contends she requested verification and validation of the debt Defendant was attempting to collect from her on behalf of HAPO Community Credit Union. *Id.* at 4. Plaintiff alleges Defendant did not provide the requested proof, as he did not provide all the information requested and did not "validate the debts." *Id.* at 5. Plaintiff contends Defendant moved forward with a lawsuit against her to collect the debt without validating the debt. *Id.* Plaintiff appears to allege she did not consent to the lawsuit brought by Defendant, and she then brought the instant lawsuit. *Id.*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

### C. Sovereign Citizen Ideology

Plaintiff's contentions appear to be based on "sovereign citizen" concepts, including the idea that there is a difference between a person, who is a corporation, and a person who is a "living, flesh and blood woman." *Id.* at 4. Plaintiff appears to contend she may not be sued by Defendant, because she has not consented, but she may sue Defendant. *Id.* at 4-5. Plaintiff cites to the Uniform Commercial Code, which has no relevance to the issues at hand, and is commonly relied on by sovereign citizens. *See United States v. Perkins*, 2013 WL 3820716, at *1-*2 (N.D. Ga. 2013). Plaintiff's Complaint also contains a thumb print and her zip code in brackets, which are both indicators her contentions are based on sovereign citizen ideology. *See Garcia v. County of Bucks*, 2018 WL 3585086 at *2 n.2 (E.D. Pa. July 25, 2018); Gary Blankenship, *Entities Briefed on 'Sovereign Citizens'*, 41 THE FLORIDA BAR NEWS, Nov. 1, 2014.

Courts have repeatedly held sovereign citizen arguments are meritless. *See, e.g.*, *Mackey v. Bureau of Prisons*, No. 1:15-CV-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016); *Bendeck v. U.S. Bank Nat'l Ass'n*, No. CV 17-00180 JMS-RLP, 2017 WL 2726692, at *5 (D. Haw. June 23, 2017) (quoting *United States v. Alexio*, 2015 WL 4069160, at *2-4 (D. Haw. July 2, 2015)) (noting that courts across the country have rejected "sovereign citizen" and similar theories as "frivolous, irrational [and] unintelligible."); *Gravatt v. United*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 3

*States*, 100 Fed. Cl. 279, 282 (2011) (noting that sovereign citizens believe they are "not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."). This Court, like others across the country, has concluded that "'sovereign citizen,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *See Osburn v. Washington State Child Support Enforcement et al.*, 1:22-cv-3036-MKD (E.D. Wash. Dec. 6, 2022) (ECF No. 25); *Joe Elton Mosley, LLC v. Walmart*, No. 320CV00184MMDWGC, 2020 WL 1846553, at *3 (D. Nev. Mar. 26, 2020), *report and recommendation adopted*, No. 320CV00184MMDWGC, 2020 WL 1821307 (D. Nev. Apr. 10, 2020) (quoting *Paul v. New York*, 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013)).

Plaintiff has two other claims currently pending with this Court, both of which arise out of debt collection actions. *Espinda v. Cardoza,* 4:23-cv-5023-MKD (E.D. Wash. Feb. 21, 2023); *Espinda v. Hohenberg,* 4:23-cv-5155-MKD (E.D. Wash. November 21, 2023). The Court previously dismissed a similar action. *Espinda v. Wasson,* 4:23-cv-5032-MKD (E.D. Wash. Oct. 16, 2023).

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

1  on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of

2  the elements of a cause of action, supported by mere conclusory statements, do not

3  suffice." *Id.* In considering a motion to dismiss for failure to state a claim, the

4  Court must accept as true the well-pleaded factual allegations and any reasonable

5  inference to be drawn from them, but legal conclusions are not entitled to the same

6  assumption of truth. *Id.* A complaint must contain either direct or inferential

7  allegations respecting all the material elements necessary to sustain recovery under

8  some viable legal theory. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 (2007).

9  "Factual allegations must be enough to raise a right to relief above the speculative

10 level." *Id.* at 555.

## DISCUSSION

### A. Trespass

Defendant contends Plaintiff has failed to state a trespass claim. ECF No. 8 at 3-4. An intentional trespass claim must demonstrate the defendant's actions have "(1) invaded the plaintiff's interest in the exclusive possessions of [her] property, (2) been committed intentionally, (3) been done with the knowledge and reasonable foreseeability that the act would disturb the plaintiff's possession, and (4) caused actual and substantial damages." *Bradley v. Am. Smelting & Refin. Co.*, 104 Wn.2d 677, 692-93 (1985). Other courts have considered and rejected the contention that a party demanding payment of a debt owed for a property amounts

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

to trespassing on said property. *See, e.g., In re Ward*, 583 B.R. 558, 566 (Bankr. S.D. Ga. 2018).

Plaintiff appears to contend that Defendant trespassed because he used "actual or implied force or violence" to "enter onto another's land wrongfully." ECF No. 1 at 3. She contends Defendant "trespassed and encroached against" her. *Id.* at 4. However, Plaintiff states she has never met Defendant and does not offer any facts to support her contention Defendant trespassed. *Id.* at 5. Plaintiff's claim appears to be based on the contention that Defendant pursuing debt collection against Plaintiff amounts to trespass, however this contention is not supported by case law. Plaintiff has failed to state a trespass claim.

**B. 31 U.S.C. § 3729**

Defendant contends Plaintiff has failed to state a claim under 31 U.S.C. § 3729. ECF No. 8 at 4-5. The False Claims Act, of which 31 U.S.C. § 3729 is part of, applies to fraudulent acts against the government, as indicated by the subchapter's title, "Claims Against the United States Government," as well as the language of 31 U.S.C. § 3729. Plaintiff claims she, rather than the government, has been defrauded. ECF No. 1. As such, she has failed to state a claim under 31 U.S.C. § 3729.

Further, while individuals may bring False Claims Act *qui tam* actions as relators for the United States, such actions may not be brought *pro se* by an

individual who is not an attorney. *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007). As Plaintiff, who is not an attorney, brings this action *pro se*, the claim must be dismissed.

### C. Breach of Encroachment

Defendant contends Plaintiff's allegation of "breach of encroachment" fails to state a claim. ECF No. 8 at 5. Plaintiff contends Defendant committed a "Breach of Encroachment" by intruding on a "person's territory, rights, etc." ECF No. 1 at 3. It is unclear what cause of action Plaintiff is alleging. To the extent Plaintiff alleges encroachment on her property, Plaintiff has not alleged Defendant actually encroached on her property. As such, Plaintiff's claim of "breach of encroachment" fails to state a claim.

### D. Opportunity to Amend

Unless it is clear that an amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*, 28 U.S.C. § 1915(e)(2), *as stated in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Plaintiff's claims have no legal basis, and one claim cannot be brought by a *pro se* litigant, therefore amendment would be futile.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, **ECF No. 8**, is **GRANTED.**

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 7

2. Plaintiff's trespass, 31 U.S.C. § 3729, and "breach of encroachment" claims are **DISMISSED** with prejudice. Plaintiff's Fair Debt Collection Practices Act claim survives.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order, and provide a copy to *pro se* Plaintiff and counsel.

DATED December 1, 2023.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 8